## Davis's Estate.

*Marriage—Evidence—Burden of proof—Husband and wife.*

Where a woman claims to be the widow of the decedent, the burden of proof is upon her to establish the marriage.

Where her claim is inherently improbable, and the testimony against it is affirmative and convincing, a finding by the orphans' court that no marriage relation existed will be sustained, although the claimant and her mother testified to the performance of the marriage ceremony.

Argued Nov. 5, 1902. Appeal, No. 131, Oct. T., 1902, by Catharine Anna Davis, from decree of O. C. Allegheny Co., Sept. T., 1901, No. 201, dismissing exceptions to adjudication in estate of Charles E. Davis, deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The testimony showed that the exceptant and the decedent had had illicit relations for several years, during which he occasionally introduced her as his wife, and he had finally gone to live in the same house with her and her mother. But on the other hand it was shown, that among his friends and the employees at his theatre she was not regarded or treated as his wife, that at the time of the alleged marriage ceremony he was not at the place alleged, and that before and after his death she had frequently admitted that they were not married.

The court found that no marriage took place between the claimant and Davis and that she had no status to file exceptions nor interest in the distribution.

*Error assigned* was in dismissing exceptions to adjudication.

*J. A. Wakefield*, for appellant.

*R. B. Petty*, with him *S. A. Johnston*, for appellee.

PER CURIAM, January 5, 1903 :

The single question presented is one of fact, whether appellant was the widow of the decedent. She and her mother testified to the performance of a marriage ceremony at a time and place specified, but the inherent improbability of the story under the undisputed circumstances, was so great, and the testimony against it so strong that the learned judge below was constrained to disbelieve it. In this result we concur. The burden of proof was on appellant and she not only failed to meet it, but the testimony affirmatively and convincingly disproved her claim.

Decree affirmed at the costs of the appellant.